UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEURON SPACE CORPORATION,

      Plaintiff,

      v.

BLUE CUBED, LLC,

      Defendant.

Case No.  25-cv-06649-EMC

**ORDER RE JOINT DISCOVERY LETTER RE AEO ACCESS**

Docket No. 87

In resolving the parties' prior discovery dispute regarding whether Blue Cubed's outside counsel Ms. Peacock and her firm, Peacock LLC, could access AEO materials, the Court ruled:

> "Ms. Peacock and her firm may access AEO materials if Ms. Peacock submits a declaration confirming Blue Cubed's representations about her role and further stating that she and her firm will not work for Blue Cubed in a business capacity or otherwise provide Blue Cubed with business advice in the future. In order to obtain access to the AEO information, Blue Cubed must submit that declaration to Neuron for approval. If there is a dispute, the parties shall submit their positions to the Court via a brief joint letter for resolution."
> Dkt. No. 84.

Ms. Peacock has now submitted a declaration confirming that her work to date for Blue Cubed has been solely in a legal capacity and that "neither [Ms. Peacock], nor Peacock Law P.C., will work with Blue Cubed, LLC in a business capacity or otherwise provide Blue Cubed, LLC with business advice in the future."  Dkt. No. 87-1.

Neuron contends that this declaration is insufficient to allow Ms. Peacock access to AEO materials because Ms. Peacock offers business advice and mentorship to "many companies in the space industry in which Neuron operates."  Dkt. No. 87 at 1.  Neuron argues that Ms. Peacock should be denied AEO access unless she is restricted from providing business advice to anyone in

United States District Court
Northern District of California

United States District Court
Northern District of California

the space industry.

Neuron provides no authority to support such a sweeping prohibition. *Brown Bag* instructs courts to "examine the factual circumstances of any counsel's relationship to *the party demanding access.*" *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (emphasis added). Ms. Peacock's declaration addresses the core concern in *Brown Bag* of inadvertent disclosure when counsel is involved in both a party's legal matters and its competitive decision-making. While there may be rare circumstances where the risk of inadvertent disclosure is so high that a restriction based on potential disclosure to third-party competitors is warranted, that case is not presented here. *Compare Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 250 (D. Kan. 2010) (no AEO access for non-lawyer co-plaintiff and co-inventor due to risk of inadvertent use of the AEO material in his future research and commercial consulting with competitors). Section 7.1 of the Protective Order states that a Receiving Party may use Protected Material "only for prosecuting, defending, or attempting to settle this litigation." Dkt. No. 86, para 7.1. As Blue Cubed notes, if Ms. Peacock used Neuron's confidential material to aid a third-party competitor, she would violate the protective order and be subject to sanctions.

Ms. Peacock's declaration, along with the protections provided by the Protective Order, are sufficient to address Neuron's concerns of disclosure. Ms. Peacock and her firm may access the AEO materials.

**IT IS SO ORDERED**.

Dated: 3/17/2026

_____
EDWARD M. CHEN
United States District Judge

2