United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEURON SPACE CORPORATION,

Plaintiff,

v.

BLUE CUBED, LLC,

Defendant.

Case No. 25-cv-06649-EMC

**ORDER RE JOINT DISCOVERY LETTER**

Docket No. 186

Before the Court is a discovery letter dispute regarding Neuron's request for supplemental discovery related to the 2025 Purchase Agreement between Blue Cubed and Hawkeye 360 ("HE360"). Dkt. No. 186.

In September 2026, Blue Cubed produced to Neuron a copy of a Termination Agreement between Blue Cubed and HE360, which terminated the Purchase Agreement. Now, Neuron seeks an order requiring Blue Cubed to 1) produce all communications between Blue Cubed and HE360 regarding any work requested or performed in connection with the Purchase Agreement; and 2) sit for a short deposition. In addition, Neuron requests leave to introduce discovery obtained from HE360 regarding the same. Blue Cubed opposes.

Fact discovery closed on May 21, 2026. Dkt. No. 92. When deciding whether to reopen discovery, the Court considers "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the [C]ourt, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Trial is scheduled to begin on January 25, 2027. Dkt. No. 169. Although the request is opposed, it may yield evidence relevant to HE360's intended use of the terminals. And as the construction of the IP License Agreement and Subcontractor Agreement is still subject to dispute, communications subsequent to Blue Cubed's sale of the terminals to HE360 may inform the interpretation of those contracts. The Court has previously required Blue Cubed to produce its communications with HE360 relating to the 2025 purchase agreement, and Neuron's request is essentially a continuation of that request to account for recent unforeseen developments. Thus, Neuron's request for communications between Blue Cubed and HE360 regarding work requested or performed in connection with the Purchase Agreement is **GRANTED**. Neuron's request for a short deposition is also **GRANTED**, but the Court notes that the deposition must be related to work requested or performed under the Purchase Agreement.

To the extent Neuron seeks leave to introduce discovery obtained from HE360 at trial, the request is **DENIED** without prejudice. If Neuron seeks to introduce such discovery for the Court's consideration in relation to the pending Motions for Clarification or Reconsideration, Dkt. Nos. 170, 175, Neuron should clarify its request.

**IT IS SO ORDERED**.

Dated: October 29, 2026

EDWARD M. CHEN
United States District Judge